The Honorable Bill Gwatney State Senator P.O. Box 156 Jacksonville, AR 72076
Dear Senator Gwatney:
This is in response to your request for an opinion regarding the Arkansas Rights of the Terminally Ill or Permanently Unconscious Act, which is codified at A.C.A. §§ 20-17-201 through -218 (Repl. 1991). Your specific question is as follows:
 What are the rights and duties of health care providers with regards to notification of a health care proxy?
The answer to this question will, in my opinion, likely depend upon the particular terms of the declaration naming the health care proxy. I am thus unable to provide a conclusive response to this question. Clearly, however, the attending physician and other health care providers must act in accordance with the declaration. See A.C.A. § 20-17-203.
The Arkansas Rights of the Terminally Ill or Permanently Unconscious Act ("the Act") provides a mechanism for the designation of a proxy health-care decision-maker. A "health care proxy" under the Act is "a person eighteen (18) years old or older appointed by the patient as attorney-in-fact to make health care decisions including the withholding or withdrawal of life-sustaining treatment. . . ." A.C.A. §20-17-201(10). The designation of a health proxy is made in a "declaration," the suggested form of which is set out in A.C.A. §20-17-202(b) and (c) pertaining, respectively, to the patient who has a terminal condition and to one who is permanently unconscious. The declaration "may, but need not, be" in the suggested form. Id. Thus, other forms of declarations are authorized.
The Act thus provides clear legal authority for advance health care directives. A copy of a declaration regarding life-sustaining treatment must be made a part of the declarant's medical record. A.C.A. §20-17-202(d). And the attending physician and other health care providers are obligated to follow the declarant/patient's directives or transfer the patient to another physician or health care provider. A.C.A. §§20-17-203 and -207.
An informative review of the different types of advance directives is found in Robert B. Leflar, Advance Health Care Directives Under ArkansasLaw, 1994 Ark. L. Notes 37. As explained therein, advance directives may be divided into three functional types: "instruction directive," "proxy directive," and "combination directive." Id. at 38. As stated in AdvanceHealth Care Directives:
 Under [the Act], people who are contemplating the future possibility of a terminal illness or a state of permanent unconsciousness, or who in fact are terminally ill, can fill out a `declaration governing the withholding or withdrawal of life-sustaining treatment.' The declaration may (1) direct the patient's attending physician to withhold or withdraw life-prolonging treatment; (2) instruct the physician to follow the directions of a specified health care proxy concerning whether life-sustaining treatment should be withheld or withdrawn; or (3) direct the physician as to what should be done in specified situations, and appoint a proxy to decide the course of treatment in other cases.
Id. at 38-39.
It is thus apparent that different directives can be given under the statutory declaration. A statutory declaration "may be either an instruction directive refusing life-sustaining treatment or a proxy directive appointing a person to make treatment decisions should the need arise; or it may combine the two functional types of directive. Instructions to a health care proxy need not be limited to issues concerning life-sustaining treatment, but may encompass other health care decisions as well." Id. at 42. See also A.C.A. § 20-17-202(e) (regarding the health care proxy's authority to "make treatment decisions for the patient including the withholding or withdrawal of life-sustaining procedures.")
In conclusion, therefore, the rights and duties of health care providers with respect to notification of, i.e., consultation with, a health care proxy will generally be determined by the particular directions in the statutory declaration. Consultation with the health proxy on health care decisions other than the withholding or withdrawal or life-sustaining treatment may not be indicated if the declaration is limited to issues concerning life-sustaining treatment. The attending physician or other health care provider would in that instance presumably consult with others who are authorized, empowered to, or capable of consent. See
A.C.A. §§ 20-9-601 to -604 (Repl. 1991 and Supp. 1995) (regarding consent to treatment).[1]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] The obligation to follow the patient's wishes, if known, should also be noted. It has been suggested that the patient's treatment preferences, expressed either to the proxy or others, should be honored.Advance Health Care Directives, supra at 43, citing Alan Meisel, TheRight to Die § 10A.18 10A.20 (1993 Cum. Supp. No. 2).